## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

MARCELLUS WARE,

                Plaintiff,

vs.

COWETA-FAYETTE ELECTRIC
MEMBERSHIP CORPORATION,

                Defendants.

CIVIL ACTION
FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Marcellus Ware ("Plaintiff" or "Mr. Ware") and sets forth this Complaint for damages and demand for jury trial against Coweta-Fayette Electric Membership Corporation ("Defendant" or "Coweta-Fayette EMC"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1.

Mr. Ware began employment with Defendant in 1988 and worked with Defendant for thirty-three (33) years until his unlawful termination on March 15, 2021 for an alleged violation of policy regarding "attitude, spirit and cooperation"

and policy regarding "standards of conduct & disciplinary action". At the time of termination, Plaintiff reported directly to Dawn Hunter, and excelled at his position as System Operator which he assumed in February 2019 after returning to work due to a disability from a work-related injury. Mr. Ware was out on disability from April 2017 until February 2019. Prior to his disability, Mr. Ware worked as a Crew Leader for sixteen (16) years, and never received any write-ups, written or otherwise. Since reporting to Dawn Hunter, a white female, Plaintiff has been the subject of discrimination on the basis of his race, color, and his age.

## 2.

This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages to redress Defendant's violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.,* Georgia state anti-discrimination statute, O.C.G.A. §34-1-2 (2010), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and under 42 U.S.C. § 1981 ("Section 1981").

## 3.

Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## JURISDICTION AND VENUE

### 4.

Plaintiff's claims present questions arising under federal law, thus jurisdiction is appropriate before this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and under 28 U.S.C. § 1367 because this action centers on questions of federal law as well as pendent state law claims.

### 5.

This court has personal jurisdiction over Defendant because it maintains its principal place of business within the Northern District of Georgia and its Newnan Division.

### 6.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the events complained of herein occurred within the geographic boundaries of the United States District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Plaintiff is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

## PARTIES

### 7.

Plaintiff Marcellus Ware is a former employee of Defendant, is a natural person who is a citizen of the United States and resides in Coweta County, Georgia. At all times relevant to this action, Mr. Ware was a black man who was over the age of forty (40). Mr. Ware submits himself to the jurisdiction of this Court.

### 8.

Defendant Coweta-Fayette EMC is a corporation organized and existing under the laws of the State of Georgia and may be served with a copy of the Summons and Complaint to Registered Agent, Christopher L. Stephens, at 807 Collinsworth Road, Palmetto, GA 30268-9442, Coweta County, Georgia.

### 9.

Mr. Ware was employed by Defendant at all times material to this Complaint, and was unlawfully terminated on March 15, 2021.

### 10.

Mr. Ware is a member of a protected class under the ADEA, Title VII and Section 1981.

11.

During all time relevant to this lawsuit, Defendant employed more than twenty (20) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto and met the definition of "employer" under all applicable statutes.

12.

Defendant is subject to the anti-discrimination provision of the ADEA, Title VII, and Section 1981.

## ADMINISTRATIVE PROCEEDINGS

13.

Mr. Ware filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein is "Exhibit A".

14.

Mr. Ware received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit. Attached hereto and incorporated herein is "Exhibit B".

## STATEMENT OF FACTS COMMON TO ALL COUNTS

15.

Mr. Ware began working for Defendant in 1988 as a Meter Reder; working hard and progressing to the position of Crew Leader for sixteen (16) years with the company until a work injury and disability led to a leave of absence from April 2017, through February 2019.

16.

Plaintiff returned to work in February 2019 as a System Operator and was downgraded from Grade 11 to Grade 9, taking a significant pay cut because he could no longer work in the field. Plaintiff's new supervisor upon his return to his job after being out for a disability was Dawn Hunter.

17.

Spanning the entire continuous thirty-three (33) years of his employment with Defendant, Plaintiff was a loyal, hardworking, and dedicated employee.

18.

For approximately thirty-one (31) years, before reporting directly to Dawn Hunter, a white female, Plaintiff was never counseled or written-up, and considered Defendant to be an extension of his own family.

19.

At all times relevant hereto, Plaintiff was qualified for his position as System Operator with Defendant.

20.

After returning from his leave of absence in February 2019, Plaintiff was constantly bullied and harassed by another co-worker, Kenye Waters, because of his age and color.  Both Mr. Waters and Dawn Hunter, repeatedly made mention of the fact that Plaintiff had been working at the job "forever". Plaintiff was the second oldest employee in his department at the time of termination.

21.

Mr. Kenye Waters, although a black male, had a much lighter complexion than Plaintiff, and was significantly younger in age compared to Plaintiff. Kenye Waters was given preferential treatment on numerous occasions by Dawn Hunter, even after admittedly bullying Plaintiff. Kenye Waters was not disciplined by Dawn Hunter for violating company policy.

22.

Plaintiff was referred to as "boy" repeatedly by Dee Payton, a white female coworker. Plaintiff repeatedly asked Dee Payton not to use that racial epithet to

refer to Plaintiff because he found it to be offensive.  Plaintiff reported this to his supervisor, Dawn Hunter, and was told the co-worker merely said it in jest. This act of racial discrimination and harassment was reported, but the wrongdoer was neither disciplined nor terminated.

23.

Other employees have been known to violate company policy and was neither disciplined nor terminated: Dee Payton and Debra (last name unknown), two white females, were caught vaping in the office, a clear violation of company policy. Management was aware of this clear violation of company policy and the two white females were neither disciplined nor terminated.

24.

As a clear demonstration of this age, color, and racial bias, on March 15, 2021, Plaintiff was terminated for violation of policy 424, Attitude, Spirit and Cooperation, and policy 432, Standards of Conduct & Disciplinary Action. The basis for the termination was factually inaccurate.

25.

As a clear demonstration of retaliation for engaging in protected activity and reporting violations of company policy and discriminatory practices, Plaintiff was

terminated for allegedly violating policy 424, Attitude, Spirit and Cooperation, and policy 432, Standards of Conduct & Disciplinary Action.

26.

It was well known throughout the office that Dawn Hunter did not like Plaintiff because of his age, race, and color.

## <u>COUNT ONE</u>
## <u>AGE DISCRIMINATION IN VIOLATION OF THE ADEA</u>

27.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

28.

At all relevant times hereto, Plaintiff was an "employee" within the meaning of the ADEA, and Defendant was an "employer" within the meaning of the ADEA.

29.

In engaging in these actions, Defendant subjected Mr. Ware to disparate and discriminatory treatment and discipline in whole or in substantial part because of age in violation of the ADEA.

30.

Defendant's violation of the ADEA was willful and intentional.

31.

Mr. Ware suffered and continues to suffer significant mental anguish and emotional distress, loss of employment and future earning opportunities, and loss of wages and benefits as the direct and proximate result of Defendant's willful and intentional violation of his rights under the ADEA. Mr. Ware is entitled to the rights and remedies provided by the ADEA, including actual damages, compensatory damages, liquidated damages, and attorney's fees and costs.

## COUNT TWO
## AGE DISCRIMINATION UNDER O.C.G.A. § 34-1-2

32.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

33.

At all relevant times, Plaintiff was an "employee" within the meaning of O.C.G.A. § 34-1-2, and Defendant was an "employer" within the meaning of the statute.

34.

As outlined above, Defendant violated the Georgia law when it discriminated against Plaintiff because of his age by repeatedly stating Plaintiff had been with Defendant "forever" and terminating Plaintiff's employment.

35.

As a direct and proximate result of Defendant's discriminatory conduct in violation of O.C.G.A. § 34-1-2, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

## COUNT THREE
## SECTION 1981

36.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37.

At all relevant times hereto, Plaintiff was an "employee" within the meaning of Section 1981, and Defendant was an "employer" within the meaning of Section 1981.

38.

As detailed above, Defendant violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, by engaging in disparate treatment and disparate discipline and discrimination against Plaintiff because of his race.

39.

As a result of Defendant's deliberate and unlawful activities as detailed above, Plaintiff has been harmed and injured, and he is entitled to an award of money damages in an amount to be determined, including an award of punitive damages, and attorney's fees.

## COUNT FOUR
## TITLE VII DISCRIMINATION AND HARASSMENT

40.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

41.

At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

42.

As outlined above, Defendant violated Title VII when it discriminated against Plaintiff by disparately disciplining Plaintiff because of his color and his race, subjecting Plaintiff to severe and pervasive harassment because of Plaintiff's color and race, and retaliating against Plaintiff because Plaintiff engaged in activity protected by Title VII when Plaintiff complained of discriminatory and differential treatment/discipline.

43.

As outlined above, Defendant violated Title VII when it subjected Plaintiff to a hostile work environment because of Plaintiff's race and color.

44.

Defendant is liable for harassment that Plaintiff was subjected to during the course of Plaintiff's employment with Defendant because Defendant failed to adopt an effective anti-harassment policy, because Plaintiff reported his concerns to Defendant and Defendant failed to take prompt remedial action.

45.

As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

## COUNT FIVE
## RETALIATION UNDER ADEA, SECTION 1981, TITLE VII, AND
## O.C.G.A. § 34-1-2

46.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.

As outlined above, Defendant violated the ADEA, Section 1981, Title VII, and O.C.G.A. § 34-1-2 when it relatiated against Plaintiff by terminating Plaintiff's employment after Plaintiff engaged in protected activity of reporting discriminatory conduct against Plaintiff.

48.

As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees and costs.

49.

The foregoing conduct, as alleged, constitutes a willful violation of the ADEA, O.C.G.A. § 34-1-2, Section 1981, and Title VII, and as a result, Plaintiff is entitled to liquidated and punitive damages.

WHEREFORE, Mr. Ware demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendant be served with Summons and Complaint;

(c) that a trial by jury to all issues be had;

(d) that judgment be issued against Defendant for any and all general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) a declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States and the state of Georgia.

(f) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

(h) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

(i) An award of damages for all other monetary and/or non-monetary losses Plaintiff suffered in an amount to be determined at trial, plus prejudgment interest;

(j) An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

(k) Such other and further relief as the Court may deem just and proper.


Respectfully submitted this 11th day of November, 2021.

*/s/ Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No.: 321456
*Attorney for Plaintiff*

**The Forsythe Law Firm, LLC**
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
Phone: (404) 476-2717
Fax: 770-212-9213
christine@forsythelawfirm.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **410-2021-04240** |
| | | and EEOC |

<i>State or local Agency, if any</i>

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. MARCELLUS WARE** | **(678) 340-2278** | **1967** |

| Street Address | City, State and ZIP Code |
|---|---|
| **700 FISCHER RD., SHARPSBURG,GA 30277** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **COWETA - FAYETTE EMC** | **201 - 500** | **(770) 502-0226** |

| Street Address | City, State and ZIP Code |
|---|---|
| **807 COLLINSWORTH RD., PALMETTO, GA 30268** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  **06-09-2019**    Latest  **08-11-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I began working for the above company on February 8, 1988 as a Meter Reader.  My final position was Distribution System Operator. I took the initiative to do some continuing education, and became the first, and only, Certified Distribution System Operator.  In my previous position, I was working with the 'outside' people, and had a great rapport with them.  This has been a help to me in my new position working 'inside'.  However, this appears to have caused some jealousy with my Supervisor, Dawn Hunter, and a coworker, Kenye Waters, both of whom had been making my work life difficult.  I complained to my Supervisor that Mr. Waters was bullying me and I also reported Mr. Waters to the Vice President of Engineering for abusing overtime.  Afterwards, I had to attend nearly daily meeting with my Supervisor.  On March 15, 2021, I was brought into a meeting with Human Resources, my Supervisor, and the Vice President of Engineering, where I was read a list of false allegations which was used to effect my termination.**

**The reason given for my termination was 'Violation of Policy 424, Attitude, Spirit and**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Marcellus Ware on 08-12-2021 08:42 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **410-2021-04240** |

_____ and EEOC

*State or local Agency, if any*

**Cooperation, and Policy 432, Standards of Conduct & Disciplinary Action.'  However, I know of two coworkers being given a pass after using the 'N' word in my presence and in the presence of Ms. Hunter, and another calling me 'boy' upon occasion.  I told all three that I didn't appreciate the language.  Ms. Hunter, when I complained about being called 'boy', said my coworker said it in jest.**

**I believe I have been retaliated against for whistle blowing about unlawful acts, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Marcellus Ware on 08-12-2021 08:42 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Atlanta Direct Dial: (404) 562-6821
FAX (404) 562-6909/6910

August 17, 2021

Marcellus Ware
700 Fischer Rd.
Sharpsburg, GA  30277

EEOC  Charge Number:        410-2021-04240
Respondent:                 Coweta – Fayette EMC

Dear Mr. Ware,

Your charge of employment discrimination has been reviewed by EEOC in accordance with the Commission's processing procedures. This letter will serve as an explanation concerning our determination of the merits on the above-referenced charge of discrimination.  The determination relies on the following information:

On August 12, 2021, you filed a charge of discrimination alleging that you were discriminated and retaliated against in violation of  Title VII of the Civil Rights Act of 1964, as amended.

Based upon the examination of the charge file information, we have determined that EEOC will discontinue further processing of your claim.  Accordingly, you will have to file a private lawsuit if you want to continue to challenge the alleged discrimination.  This practice is consistent with the Commission's Priority Charge Handling Procedures when the office has sufficient information from which to conclude that it is not likely that further investigation will result in a violation of the statutes we enforce.

Enclosed please find your **Dismissal and Notice of Rights and Information Sheet.  If you want to pursue your charge further, you have the right to sue the employer named in your charge in U.S. District Court within ninety (90) days from the date you receive the enclosed notice.** Please read the documents carefully.

Sincerely,

T. D. Roe
Federal Investigator